*A. H. Ward, for appellant.*

*Willis, James, for appellees.*

---

LAWRENCE COUNTY COURT *v.* THOS. P. SALYER, ETC.

**Counties—Contract—Pleading—Presumption.**

In an action on a contract made with a county court, it is not necessary to allege that the contract was approved by the court, as such approval may be presumed.

**Counties—Breach of Contract—Unliquidated Damages.**

In an action for unliquidated damages for breach of a contract made with the county court, it is not necessary for the County Court to make an order appointing some one to receive and receipt for the same.

APPEAL FROM LAWRENCE CIRCUIT COURT.

October 13, 1873.

OPINION BY JUDGE LINDSAY:

The contract in this case is with the "County Court" of Lawrence County. It is therefore proper that the suit shall be prosecuted in its name. The joining of the parties with the county judge may be a misjoinder but is not a defect of parties. The amended petition filed October 24th, 1871, sufficiently alleges that the parties suing are the judge and justices composing the county court, and that said court had power to appoint a commissioner of roads. That Osborne was the superintendent or commissioner and that the bridge built by Salyer was within the jurisdiction of said court. It was not necessary to allege that the contract was approved by the county court. The contract shows upon its face that it was entered into by the court itself as a contracting party. It must be presumed that it was so approved, as it was for the benefit of the county, and if it was not, and the order directing Osborne to negotiate the contract required him to submit his action to the county court for its approval, and he failed to do so, or the court failed to approve it, this is matter of defense that does not arise upon demurrer. As this action is for unliquidated damages, it was not necessary before suit for the county court to make an order, appointing some person to receive and receipt for the same, as in actions for specific debts, such as was sued on in the *Owens v. Ballard County Court*, 8th Bush 611. We are of the opinion the petition as amended presented a cause of action. Hence the judgment sustaining the demurrer and dismissing said petition is reversed and the cause remanded with instructions to overrule the demurrer and for further proper proceedings.

*Hatcher & Browns, for appellant.*

——, *for appellees.*